IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY W. STUCKEY,

    Petitioner,                    No. CIV S-09-0584 LKK GGH P

    vs.

WARDEN OF SOLEDAD,

    Respondents.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction from the Superior Court of San Joaquin County. On April 7, 2009, the court ordered petitioner to show cause why this action should not be dismissed for failure to exhaust state court remedies and to file an application to proceed in forma pauperis. Petitioner requested an extension of time and on April 24, 2009, the court granted petitioner 30 days to file a response and submit an application to proceed in forma pauperis. On May 4, 2009, petitioner filed an application to proceed in forma pauperis and on May 7, 2009, petitioner filed a letter requesting another copy of the court's April 7, 2009, order.

        Petitioner's application to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

As stated in the April 7, 2009, order, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, it does not appear that petitioner has exhausted state court remedies. It does not appear that the claims have been presented to the California Supreme Court. Accordingly, petitioner shall show cause why this action should not be dismissed for his failure to exhaust state court remedies. If the claims have been presented to the California Supreme Court, petitioner shall file a short declaration describing in what type of action the claims were presented. If petitioner has a copy of the order by the California Supreme Court denying the claims, he shall file this as well. Petitioner is granted twenty days to respond. No more extensions will be granted.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted.

2. Within twenty days from service of this order, petitioner shall show cause why this action should not be dismissed for his failure to exhaust state court remedies. No more extensions will be granted.

DATED: June 18, 2009                    /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ggh: ab - stuc0584.osc2

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).